BANCO POPULAR DE PUERTO RICO, ETC., ET AL., Plaintiffs and Appellants, *v.* HEIRS OF BALTASAR MENDOZA MARTÍNEZ ET AL., Defendants and Appellees.

No. 8105.   Argued February 20, 1940.—Decided November 8, 1940.

*C. Domínguez Rubio*, and *L. Domínguez Rovira* for appellants.
*Antonio J. Amadeo* for appellees, Heirs of Amador Trías.

MR. JUSTICE WOLF delivered the opinion of the court.

On April 30, 1930, Baltasar Mendoza Martínez issued a promissory note, payable to bearer on demand, for the sum of $66,000, with interest thereon at 10 per cent. On the same day he executed a mortgage upon nineteen rural tracts distributed in various amounts to guarantee the note. Mendoza borrowed forty-six thousand dollars from the Banco Comercial de P. R. and twenty thousand from the Crédito y Ahorro Ponceño. On the same day he delivered to the two banks the note as a pledge for the loans. It transpired later that twelve of the properties had been previously mortgaged.

On November 18, 1937, the aforesaid banks filed a petition to foreclose seven of the properties, which are security for various amounts totaling $18,500. Upon some of these properties there were liens subsequent to the mortgage record.

Baltasar Mendoza died in 1932. His heirs were sued as defendants; and all the subsequent creditors or lienholders were included as parties.

To the petition was attached a certificate of the Registrar of Property of Guayama, dated Nov. 16, 1937, according to which several subsequent liens existed against the property. That certificate showed that the heirs of Amador Trías Silva had sued a number of people, among whom Baltasar Mendoza was included, and had requested that notice of the complaint be entered on the margin of the record of the tract of land described under number 5 in the petition. It was also stated in the certificate that the notice had been denied because it did not appear that the Trías heirs had sued the Mendoza heirs, and the property in question was no longer recorded in Mendoza's name, but in that of his heirs. The registrar refused to make the

marginal entry and entered a cautionary notice for 120 days, on September 18, 1937, which expired January 18, 1938.

The *auto de requerimiento* issued and the marshal notified the debtors. Pablo Léctora, a private party, at the instance of the plaintiffs notified the subsequent creditors, but according to his return the Trías heirs could not be found. Their address did not appear from the registry.

Edicts. were also published for the period provided by law.

On June 8, 1938, the petitioners filed an amended petition, and attached thereto a new certificate from the registrar, dated May 28, 1938. According to it, the Trías heirs named the heirs of Baltasar Mendoza as his substitute in the suit aforesaid, and at their request, the registrar entered a notice of complaint in case number 7296, seeking "Nullity of Foreclosure Proceedings and Revendication," begun in the District Court of Guayama. From the certificate it also appears that the notice of the complaint is entered on the margin of the seventh entry of the property marked as number 5 in the petition, and that the date of the notice is February 11, 1938. The address of the Trías heirs is still missing.

A new *auto de requerimiento* issued on June 10, 1938, which was notified by the marshal to the debtors and by somebody else to the subsequent creditors; but no effort seems to have been made to notify the Trías heirs.

A new edict was published, the heading of which sets out:

"(Title of the case.) United States of America, The President of the United States: ss. The People of Puerto Rico, to the assignees and heirs of Baltasar Mendoza Martínez, i. e., his widow Irene Carattini Cartagena; his children Fernando, Hipólito, Irene, and Ofelia Mendoza; to Cristóbal Dávila; Banco Territorial y Agrícola de Puerto Rico; West India Oil Co.; The National City Bank of New York, (subsequent attaching creditors). And specifically, to the

Succession of Amador Trías composed of his widow Adela Dufrend and his children Arturo, Miguel Angel, Estela, José A. and Josefa Matilde Trías Dufrend, (who have entered a notice of *lis pendens*)."

The edict contains the hour, day, and place of the sale. At the sale all the properties were awarded to the plaintiffs. They then moved the court for an order to cancel all subsequent liens. The court so granted the order on October 7, 1938, except in so far as the notice of complaint in favor of the Trías heirs was concerned, because they had not been notified of the *auto de requerimiento* or in its stead of the date and place of the auction sale.

On October 13 the plaintiffs moved for reconsideration, and urged:

That the Trías heirs were lienholders, but not creditors, and that even if they were they did not have to be notified of the *auto de requerimiento* unless their address appeared from the registry; and that they had been expressly notified by the edict of the date and place of the auction sale.

The motion was heard on November 7, 1938, and decided September 5, 1939. The court reconsidered its original order and accepted the appellants' point of view that the Trías heirs were not creditors, and hence, it was not necessary to serve them with copy of the writ demanding payment; and said that the grounds for its original order were erroneous.

The court, however, sustained the order for different reasons. They are:

1. That from the certificate issued by the registrar it could not be seen whether the notice of *lis pendens* was made under section 91 of the Code of Civil Procedure or under section 42 of the Mortgage Law.

2. Because a notice of *lis pendens* made under section 42 of the Mortgage Law could not be cancelled except according to the Mortgage Law (section 77 *et seq.*) and the Mortgage Law Regulations (section 131 *et seq.*), or when the

entry was more than 4 years old. Section 388–A of the Mortgage Law.

3. Because a notice of *lis pendens* made according to section 91 of the Code of Civil Procedure can not be cancelled while the suit is pending, according to the jurisprudence of this court. *People* v. *Fajardo Sugar Co.*, 51 P.R.R. 867; *Fernández* v. *Registrar*, 52 P.R.R. 344; *Calderón* v. *Registrar*, 54 P.R.R. 13.

As it was not shown that the entry was more than 4 years old or that the suit begun by the Trías heirs had been disposed of, the court refused to order the cancellation of the notice of *lis pendens*.

The plaintiffs appeal and assign one error: that of denying the cancellation.

The Trías heirs filed briefs in the district court and on appeal. They rely on the order of the district court and cases cited therein.

They argue that the "notice of complaint" to which section 91 of the Code of Civil Procedure refers is different from the entry of complaint provided by section 42 of the Mortgage Law, though both have similar or the same effects in most cases.

The "notice of complaint" of section 91 is entered on the registry books at a party's request, and need only include (1) the names of the parties; (2) the object of the complaint or answer, and (3) the description of the property in question. This notice of complaint may be entered by a marginal note.

The record of complaint made under section 42 of the Mortgage Law is more formal. It requires an order of the court; contains an averment of the damages that may be caused; and is made by an entry *(inscripción)*. Section 15, Mortgage Law.

As the registrar's certificate states that the notice of the complaint presented by the Trías heirs is entered

by a marginal note, it is evident that this was done under section 91 of the Code of Civil Procedure.

From the registrar's certificate it also appears that the notice of complaint was entered on Feb. 11, 1938. From the certificate it also appears that the mortgage was already due on November 18, 1937.

Section 91 of the Code of Civil Procedure says:

"In an action affecting the title or the right of possession of real property, the plaintiff, at the time of filing the complaint, and the defendant, at the time of filing his answer, when affirmative relief is claimed in such answer, or at any time afterwards, may file for record with the registrar of the district in which the property or some part thereof is situated, a notice of the pendency of the action, containing the names of the parties, the object of the action or defense, and a description of the property affected thereby. From the time of filing such notice for record only shall a purchaser or incumbrancer of the property affected thereby be deemed to have constructive notice of the pendency (of the action, and only of its pendency) against parties designated by their real names."

The plaintiffs in this case had acquired their mortgage, and it had become due, before "the filing of such notice for record." Therefore, the notice itself does not affect them.

It has been held that a party who acquires a property right before the notice of *lis pendens* is not affected by the judgment rendered in the case, unless made a party. *Boerman* v. *Registrar,* 31 P.R.R. 695, *Sucn. Rodríguez* v. *Registrar,* 35 P.R.R. 96, *Paniagua* v. *District Court,* 34 P.R.R. 648.

The plaintiffs in this case, the Banco Popular de Puerto Rico, and the Crédito y Ahorro Ponceño, had a lien on the property which was acquired and recorded before the notice of *lis pendens*. They will not be legally affected by the judgment which may be obtained by the Trías heirs against the Mendoza heirs, unless made a party to that proceeding, and in the same way the purchasers at the auction sale to be held by reason of the foreclosure can not be affected,

because the mortgage is valid and in the registry no defect appears to make it void. The notice of *lis pendens* then has no basis and could and should have been cancelled, especially in view of the fact that both proceedings are filed in the same district court.

The Trías heirs voluntarily entered into this case. They had no right, in such a plenary proceeding, to rely on a mere matter of *lis pendens*. It was their duty to show that the *lis* would or could affect the execution creditor. Everybody who became a party in the suit knew about all the actions that took place in the mortgage foreclosure proceeding.

The orders of the District Court of Guayama of October 7, 1938, and September 5, 1939, should be reversed, and a new one entered ordering the cancellation of the notice of *lis pendens* in issue.